UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LADARRIUS HOSKINS,

    Plaintiff,

    v.     Case No. 23-cv-0346-bhl

HILAND,
ETHAN STARK,
ASHLEY HASELEU
GRIPTROlG,
A. KROLL, and
SCHWAB,

    Defendants.

# SCREENING ORDER

Plaintiff LaDarrius Hoskins, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Hoskins' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Hoskins has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Hoskins has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $4.51. Hoskins' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Hoskins explains that he suffers from "very bad migrain[e]s that sometimes cause [him] to black-out." He states that on February 8, 2023, he had a migraine and was climbing down from the top bunk when he blacked out. He asserts that after regaining consciousness, he slowly got up, looked in the mirror, and noticed that his head was swelling just above his left eyebrow. An officer called health services, and Hoskins submitted a health services request form. He states that he was not seen until two days later, on February 10, 2023. Hoskins asserts that he was given an ice pack and remains on the top bunk. Hoskins sues the members of the Special Needs Committee—Nurse Hiland, Ethan Stark, Health Services Manager Ashley Haseleu, Sgt. Griptrolg, A. Kroll, and Lt. Schwab—because, according to Hoskins, despite knowing that he suffers from migraines that cause him to black out, they have denied his requests for a bottom-bunk restriction. Dkt. No. 1 at 2-3.

## THE COURT'S ANALYSIS

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc*., 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)). Hoskins states a

3

deliberate indifference claim against Defendants based on allegations that he was injured because, despite knowing that he suffered from a condition that caused blackouts, Defendants refuse to provide him with a bottom-bunk restriction. *See Withers v. Wexford Health Sources, Inc.*, 710 F.3d 688, 689 (7th Cir. 2013).[1]

**IT IS THEREFORE ORDERED** that Hoskins' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Hoskins' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Nurse Hiland, Ethan Stark, Ashley Haseleu, Sgt. Griptrolg, A. Kroll, and Lt. Schwab.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Nurse Hiland, Ethan Stark, Ashley Haseleu, Sgt. Griptrolg, A. Kroll, and Lt. Schwab shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Hoskins is located.

**IT IS FURTHER ORDERED** that the agency having custody of Hoskins shall collect from his institution trust account the $345.49 balance of the filing fee by collecting monthly payments from Hoskins' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The

---

[1] On the complaint form, Hoskins checks the box indicating that he is suing under state law and that his state citizenship is different from every Defendant's state citizenship. Dkt. No. 1 at 5. The Court assumes Hoskins checked this box in error because of his unfamiliarity with the law. The Court has jurisdiction under 28 U.S.C. §1331 because Hoskins is suing for a violation of the Constitution.

payments shall be clearly identified by the case name and number assigned to this action. If Hoskins is transferred to another institution, the transferring institution shall forward a copy of this Order along with Hoskins' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Hoskins is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Hoskins may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on May 16, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge